UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| LESLY MAXAN, | } | |
| ON BEHALF OF HERSELF AND | } | |
| ALL OTHERS SIMILARLY SITUATED, | } | |
| | **}** | |
| Plaintiff, | } | Civil Action, File No. |
| v | } | |
| | } | |
| SUNRISE CREDIT SERVICES INC. AND | } | |
| US ASSET MANAGEMENT, INC., | } | |
| | } | |
| Defendants. | } | |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Lesly Maxan [hereinafter "Maxan"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Sunrise Credit Services Inc. ("Sunrise"), and US Asset Management, Inc. ("USAM"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district.  Venue in this district also is proper based on Defendants possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  Defendants also derive substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3.  Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4.  Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5.  Maxan is a natural person who resides at 285 Hawthorne Street, Brooklyn, NY 11225.

6.  Maxan is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7.  On or about March 27, 2018, Sunrise, on behalf of USAM, sent Maxan the letter annexed as Exhibit A. On or about February 27, 2019, Sunrise, on behalf of USAM, sent Maxan the letter annexed as Exhibit B. Maxan received and read Exhibit A and Exhibit B. For the reasons set forth below, Maxan's receipt and reading of Exhibit A and Exhibit B deprived Maxan of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8.  Per statements and references in Exhibit A and Exhibit B, Sunrise, on behalf of USAM, sent Exhibit A and Exhibit B to Maxan in an attempt to collect a past due debt.

9.  The past due debt set forth in Exhibit A and Exhibit B arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Sunrise is a New York Domestic Corporation with a principal place of business located in Farmingdale, NY.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Sunrise possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Based upon Exhibit A and Exhibit B and upon Sunrise possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of Sunrise is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. On Exhibit A and Exhibit B, Sunrise sets forth that it is a debt collector attempting to collect a debt.  Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

14. Based upon the allegations in the above three paragraphs, Sunrise is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

15. USAM is a Delaware Domestic Corporation and a New York Foreign Business Corporation with a principal place of business located in Norwell,, MA.

16. USAM's primary business consists of the purchases of defaulted debts due from consumers from entities which currently own the defaulted debts, and the subsequent hiring of agents, attorneys, and/or third-party debt collectors to attempt to collect these defaulted debts from consumers.

17. If the aforementioned agents, attorneys, and/or third-party debt collectors hired to attempt to collect the aforementioned purchased defaulted debt are able to obtain payment, the payments are made payable to USAM and/or are received on behalf of or for the benefit of USAM.

18. USAM possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

19. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.

20. Based upon the allegations in the above four paragraphs, USAM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

21. Upon information and belief, USAM or an entity on its behalf issued work standards, directives, and/or guidelines to Sunrise which contained instructions, controls, and rules governing the steps Sunrise could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A and Exhibit B.

22. All the actions alleged in this Complaint taken by Sunrise were taken by Sunrise as the "debt collector" for the "debt collector" USAM.

23. Based on the allegations in the above two paragraphs, USAM is vicariously liable for the actions of Sunrise.

## FIRST CAUSE OF ACTION-CLASS CLAIM

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-25 of this Complaint.

25. Based on the contents of Exhibit A, on the date of Exhibit A, USAM was accruing interest, on the "Bal Due" set forth in Exhibit A.

26. Exhibit A does not set forth a date by which Maxan could pay the "Bal Due" in order to satisfy the debt set forth in Exhibit A.

27. Based on USAM continuing to accrue interest on the "Bal Due" set forth in Exhibit A and Exhibit A not setting forth a date by which Maxn could pay the "Bal Due" in order to satisfy the debt set forth in Exhibit A, Maxan's prompt payment of the "Bal Due" set forth in

Exhibit A could not have satisfied the debt set forth in Exhibit A.

28. Exhibit A failed to notify Maxan that her "Bal Due" may increase due to the aforementioned accrued interest.

29. For one or more of the above reasons, as a result of the aforementioned omission from Exhibit A, Defendants violated 15 USC § 1692 and 15 USC § 1692e by sending Exhibit A to Maxan.

## SECOND CAUSE OF ACTION-CLASS CLAIM

30. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-25 of this Complaint.

31. Based on the contents of Exhibit B, on the date of Exhibit B, USAM was accruing interest, on the "Bal Due" set forth in Exhibit B.

32. Exhibit B failed to notify Maxan that her "Bal Due" may increase due to the aforementioned accrued interest if she did not take advantage of the settlement offer set forth in Exhibit B or took advantage of the aforementioned settlement offer but failed to timely make any of the payments required as part of the settlement offer.

33. For one or more of the above reasons, as a result of the aforementioned omission from Exhibit B, Defendants violated 15 USC § 1692 and 15 USC § 1692e by sending Exhibit B to Maxan.

## THIRD CAUSE OF ACTION-CLASS CLAIM

34. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-25 of this Complaint.

35. Exhibit A informed Maxan that USAM intended to file a lawsuit against her to collect the Bal Due if she failed to pay the Bal Due.

36. USAM never filed a lawsuit against Maxan.

37. Upon information and belief, USAM never intended to file a lawsuit against Maxan.

38. Upon information and belief, USAM never files lawsuits to attempt to collect consumer debts.

39. Based on the above allegations, the threat of a lawsuit contained in Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10) and/or an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 USC 1692f.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

40. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-25 of this Complaint.

41. Exhibit A and/or Exhibit B amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

42. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-25 of this Complaint.

43. By sending Exhibit A and/or Exhibit B to Maxan, Defendants violated 15 USC 1692g.

## CLASS ALLEGATIONS

44. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

45. The class consist of (a) all natural persons (b) who received a letter from Sunrise on behalf of USAM dated between March 27, 2018 and the present to collect a past due debt (c) in a form materially identical or substantially similar to Exhibit A and/or Exhibit B.

46. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

47. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

48. The predominant common question is whether Defendant's letters violate the FDCPA.

49. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

50. A class action is the superior means of adjudicating this dispute.

51. Individual cases are not economically feasible.

   **WHEREFORE**, Plaintiff requests the following relief:

   1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

   2. Any and all other relief deemed just and warranted by this court.

Dated:          March 27, 2019

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107